AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>RICKY FANN<br><br>*Defendant(s)* | Case No. 8:16MJ1332-T-MAP |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **April 2016** in the county of **Pasco** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession with the intent to distribute 500 grams or more of mixture or substance containing a detectable amount of methamphetamine. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

William Justin Lee, Task Force Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 17, 2016

_____
*Judge's signature*

City and state: Tampa, Florida

MARK A. PIZZO, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Task Force Officer William Justin Lee, being duly sworn, depose and state that the following is true and correct:

## Agent Qualifications and Background

1. I am an officer with the Plant City Police Department (PCPD) and have been one since September of 2002. As such, I have been a certified law enforcement officer for the past thirteen years. I am currently assigned to the Investigative Services Division (ISD) of the PCPD and as a Task Force Office (TFO) of the Drug Enforcement Administration (DEA), both involved in the investigation of drug related offenses. I have additional training in drug recognition and identification, confidential informant management, and I completed the Drug Enforcement Administration's (DEA) Clandestine Laboratory training. I have written no fewer than thirty warrants which have resulted in the arrests of numerous suspects and the recovery of illegal drugs. In connection with my official DEA duties, I investigate criminal violations of federal laws, including but not limited to, Title 21, United States Code, Sections 841(a)(1), 843(b) and 846 (drug trafficking offenses).

2. This affidavit is submitted for the limited purpose of establishing probable cause for the arrest of Ricky FANN for possession with intent to distribute five-hundred grams or more of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This

affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all of my knowledge about this matter.

**Probable Cause**

4. During April of 2016, DEA Tampa developed a confidential source (CS) utilized in this case. The CS indicated that FANN was a multi-kilogram methamphetamine trafficker that was receiving methamphetamine from a source of supply from the Georgia area. The CS had known FANN for several months and had been to FANN's residence in Pasco County, Florida where he observed both multi-kilogram quantities of methamphetamine and large sums of money. The CS stated that FANN travels around and delivers methamphetamine on a daily basis to customers in the Middle District of Florida. The CS further stated that he/she could purchase methamphetamine from FANN. The CS is a defendant CS that is working with law enforcement in consideration of state charges for grand theft auto and criminal mischief. The CS' information has been substantiated by law enforcement by both other confidential sources and independent investigative techniques.

5. On April 20, 2016, law enforcement officers made contact with the CS and a Source of Information (SOI). The CS was provided with $2700 dollars of DEA funds for a controlled purchase of methamphetamine from FANN. The CS was equipped with audio surveillance equipment monitoring the transaction. The CS was also searched for contraband with negative results.

6. Surveillance units observed the CS and SOI arrive at FANN's residence in Land O' Lakes, Pasco County, Florida (Location 1). Surveillance could hear the CS conversing on the audio surveillance equipment counting money. The CS could also be

2

heard talking to FANN during the recorded transaction. Surveillance observed the CS and SOI leave FANN's residence.

7. After the meeting, agents made contact with the CS and SOI at a predetermined location. The CS provided the agents with three clear plastic bags containing suspected methamphetamine. The substance field-tested positive for the presence of methamphetamine. Surveillance units then observed FANN leave the residence with a female in a Land Rover. Law enforcement personnel conducted a search of the CS, SOI and their vehicle and found the subjects and vehicle to be free of contraband.

8. Law enforcement personnel conducted a debriefing session with the CS. The CS advised he/she made contact with FANN in Location 1 and provided FANN with $2700 of DEA funds in exchange for three clear plastic bags containing methamphetamine (approximately three ounces of methamphetamine). The CS advised that during the transaction FANN left the room and returned with a black bag which contained an amount of methamphetamine. The CS then said FANN removed methamphetamine from the black bag. The CS estimated FANN had over a kilogram amount of methamphetamine still left over in the black bag after the transaction. The CS further advised that FANN also had approximately $10,000 on his person and had an additional $15,000 to $20,000 dollars stored in a Volvo on the property. The CS told agents that FANN added the transaction money to the currency in the Volvo.

9. On May 15, 2016, law enforcement personnel made contact with FANN during a traffic stop in Land O'Lakes. The traffic stop was initiated after the driver of the vehicle did not make a complete stop at a stop sign. FANN was sitting in the passenger

seat of the vehicle. A K9 unit was deployed and alerted to the presence of narcotics after an exterior sniff of the vehicle. The driver of the vehicle was arrested on state charges for possession of trace amounts of methamphetamine. FANN was asked to exit the vehicle, where law enforcement personnel asked FANN about his trafficking of methamphetamine. Post-Miranda, FANN agreed to cooperate with law enforcement at which time FANN consented to a search of Location 1.

10. During the search of Location 1, approximately three kilograms of methamphetamine were located inside the wall of FANN's bedroom. FANN directed agents to this location. FANN also removed a small black bag from inside the couch which contained approximately $10,000.00 in United States currency bundled in three bundles with rubber bands, which he acknowledged were drug proceeds.

## Conclusion

11. Based upon the information contained in this affidavit, I submit that there is probable cause to believe that Ricky FANN did knowingly and willfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

FURTHER AFFIANT SAYETH NAUGHT.

_____
William Justin Lee, Task Force Agent
Drug Enforcement Administration

Sworn to and subscribed before me
This /7 day of May, 2016

_____
MARK A. PIZZO
United States Magistrate Judge

5